**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BP FISHER LAW GROUP, LLP, *et al.*,<br><br>Defendants. | Civil Action No. 1:19-cv-00149-PX |

## STIPULATION AND CONSENT ORDER

Select Portfolio Servicing, Inc., Plaintiff ("SPS") and the Defendants, by their respective undersigned attorneys, stipulate and agree as follows:

1.      On January 15, 2019, SPS filed a Verified Complaint for Damages and Preliminary and Permanent Injunctive Relief against the Defendants.  SPS also filed a Motion for Preliminary Injunction and Memorandum in Support, as well as an Emergency Motion for Temporary Restraining Order (the "Injunction Motion").

2.      SPS has asserted that BP Fisher is holding funds owed to SPS in the amount of at least $1.9 million, resulting from net sale proceeds received by BP Fisher from foreclosure sales in which BP Fisher represented SPS.  BP Fisher acknowledges that it is holding a substantial amount of funds in trust on behalf of SPS but disputes the amount and states that it has not yet determined the amount owed to SPS.

3.      On January 15, 2019 (the "Bankruptcy Petition Date"), Defendant BP Fisher Law Group, LLP ("BP Fisher") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California,

Santa Ana (the "Bankruptcy Court"), designated as Case No. 8:19-bk-10158-TA (the "Bankruptcy Case").

4.      On January 18, 2019, after the filing of the Bankruptcy Case, a hearing was held on the Injunction Motion and then the Court entered an Order granting SPS's motion for a temporary restraining order (the "TRO"). The Defendants dispute the findings in the TRO and maintain that the TRO violated the automatic bankruptcy stay arising from BP Fisher's bankruptcy and was rendered *ex parte* without notice or an opportunity to be heard by Defendants  SPS maintains that the TRO did not violate the automatic bankruptcy stay; that the SPS funds residing in trust accounts maintained by BP Fisher are not the property of the bankruptcy estate; and that the automatic bankruptcy stay does not stay this action except to the extent that Plaintiff's claims against BP Fisher are stayed.  The Defendants dispute SPS's position in all respects.

5.      On January 22, 2019, the Court conducted a status telephone hearing with the parties, at the end of which the Court requested that the parties negotiate the terms of a potential order containing provisions mutually acceptable to the parties, to preserve the status quo , while reserving all of the parties' respective rights.

6.      After negotiations, the parties have agreed to the entry of this Stipulation and Consent Order as an alternative to further proceedings in this Court with respect to the SPS Motion for Preliminary Injunction.

7.      Accordingly, SPS and the Defendants stipulate as follows:

(a)      The Defendants hereby represent that the BP Fisher bank account with funds in which SPS has an interest is being held at Pacific Premier Bank (account number xxxxx5781) and has a balance of $3,451,980.91 as of January 22, 2019 (hereinafter, the "Trust

Account"), and that no funds have been disbursed from the Trust Account since that date and that no funds have been disbursed from this account since the Bankruptcy Petition Date. The Defendants further represent that the foreclosure sales BP Fisher conducted for SPS are bonded in the full amounts of those sales, which provides additional assurance to SPS that it will be paid in full all amounts finally determined to be due to SPS. To the extent the bankruptcy stay may apply to the bonds, Defendants hereby consent to a lifting of that stay to allow SPS to pursue all procedures and remedies necessary in its pursuit of those bonds.[1]

      (b)    The Defendants shall not move, transfer, deplete, decrease, or liquidate the Trust Account, or disburse any funds from the Trust Account until and unless authorized by a Court of competent jurisdiction and after notice is provided to SPS enabling an opportunity for SPS to object to such transfer, subject to the following: (i) the Defendants may move the entire balance of the Trust Account into a segregated, separately identified account complying with the requirements of the Bankruptcy Court and the U.S. Trustee for bank accounts held by chapter 11 debtors under applicable bankruptcy law, provided that the Defendants shall immediately provide notice to SPS's counsel upon any such change in the Trust Account, including documentation evidencing the account number and account balance at the time of any such transfer; and (ii) this Paragraph 7(b) is subject to the parties' respective rights and remedies under Paragraph 7(c) below.

      (c)    SPS and BP Fisher, as well as the other Defendants to the extent relevant, each reserve their respective rights, claims, remedies and defenses to seek relief in any Court of competent jurisdiction and venue, including without limitation relief relating to the disbursement

---

[1] While the Defendants consent to relief from the bankruptcy stay as provided above, to the extent the stay is applicable, the Defendants maintain that only the Bankruptcy Court has authority to grant such relief.

and use of funds from the Trust Account, in accordance with applicable bankruptcy and non-bankruptcy law.

(d)     SPS and the Defendants agree that they will negotiate in good faith to enter into a confidentiality order to protect personal and confidential information of the borrowers involved in the SPS mortgage loans, and within ten (10) days after the entry of such confidentiality order in an appropriate Court, BP Fisher shall begin the process of producing to SPS documents and materials in its possession relating to the transactions giving rise to net sale proceeds in which SPS has an interest, following which the parties will work in good faith to attempt to reach agreement on the amounts owed to SPS.

(e)     SPS and the Defendants agree that the TRO is hereby vacated upon entry of this Order and is replaced by this Order.

8.     Except as set forth expressly in this Stipulation and Consent Order, each of the parties reserves all of their respective rights, claims, defenses and remedies under bankruptcy and non-bankruptcy law.  SPS maintains its position that the bankruptcy stay does not apply to its claims against the Trust Account and the non-debtor Defendants and reserves its right to pursue such claims outside of the Bankruptcy Court.  The Defendants dispute SPS's position.

9.     This Court retains jurisdiction to enforce the provisions of this Order.

**CONSENTED TO:**

/s/ *Mary S. Diemer*

Raymond G. Mullady, Jr. (Bar No. 02732)
Mary S. Diemer (Bar No. 012328)
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
202-689-2969
ray.mullady@nelsonmullins.com
mary.diemer@nelsonmullins.com

*Attorneys for the Plaintiff*

/s/      *Irving E. Walker*

Irving E. Walker (Bar No. 00179)
Brianne N. Lansinger (Bar No. 20188)
COLE SCHOTZ P.C.
300 East Lombard Street, Suite 1450
Baltimore, Maryland 21202
410-230-0660 Phone
410-230-0667 Facsimile
iwalker@coleschotz.com
blansinger@coleschotz.com

*Attorneys for the Defendants*

**SO ORDERED:**

_____ /S/ _____
Paula Xinis,
UNITED STATES DISTRICT JUDGE